**IN THE UNITED STATES BANKRUPTCY COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| In re:<br><br>　　CATHOLIC UNIVERSITY OF OKLAHOMA, *dba* ST. GREGORY'S UNIVERSITY, INC.<br><br>　　　　　Debtor. | Case No. 17-15134 SAH<br><br>Chapter 7 |

**TRUSTEE'S NOTICE OF PROPOSED SALE OF ESTATE'S INTEREST
IN PROPERTY OF THE ESTATE (REAL PROPERTY REMAINDER INTEREST)
NOT IN THE ORDINARY COURSE OF BUSINESS PURSUANT TO 11 U.S.C.
§363(b), FED.R.BANKR.P. 6004(a) AND W.D.OKLA.  LOCAL RULE 6004-1.A.**

**AND**

**BRIEF IN SUPPORT THEREOF**

COMES NOW, John D. Mashburn, Trustee ("**Trustee**"), and pursuant to 11 U.S.C. §363(b), Fed.R.Bankr.P. 6004(a) and W.D.Okla. Local Rule 6004-1.A., brings this Notice of Proposed Sale of Estate's Interest in Property of the Estate and respectfully represents and shows to the Court the following:

1.　　The Court has jurisdiction to consider this Notice pursuant to 28 U.S.C. §1334.

2.　　This matter is a core proceeding pursuant to 28 U.S.C. §157(b).

3.　　Venue is proper before the Court pursuant to 28 U.S.C. §§1408 and 1409.

4.　　The Trustee is a member of the panel of private trustees established under 28 U.S.C. § 586(a)(1), was appointed by the United States Trustee to serve as the Chapter

Trustee in this case on December 22, 2017, and has acted as Trustee in this case since his appointment.

5.      This Bankruptcy Estate (the "**Estate**") includes property consisting of Debtor's interests in and to the following:

An undivided one-half (½) remainder interest in the following described real property:

The Northwest Quarter (NW/4) of Section Seven (7), Township Six (6) North, Range Nineteen (19) W.I.M., Kiowa County, Oklahoma.

The South Half (S 1/2) of the Southeast Quarter (SE/4) of Section Twenty-One (21), Township Six (6) North, Range Nineteen (19) W.I.M., Kiowa County, Oklahoma.

The Northeast Quarter (NE 1/4) of Section Eight (8), Township Six (6) North, Range Nineteen (19) W.I.M. Kiowa County, Oklahoma.

The Southeast Quarter (SE 1/4) of Section Eight (8), Township Six (6) North, Range Nineteen (19), W.I.M., Kiowa County, Oklahoma.

The Southwest Quarter (SW 1/4) of Section Three (3), Township Six (6) North, Range Nineteen (19), W.I.M., Kiowa County, Oklahoma.

The Northwest Quarter (NW 1/4) of Section Twenty-Eight (28), Township Six (6) North, Range Nineteen (19) W.I.M., Kiowa County, Oklahoma.

The Southwest Quarter (SW 1/4) of Section Twenty-Nine (29),Township Six (6) North, Range Nineteen (19), W.I.M., Kiowa County, Oklahoma.

The Northwest Quarter (NW/4) of Section Ten (10), Township Six (6) North, Range Nineteen (19) W.I.M., Kiowa County, OK.

(Hereafter the "**Property**").

6.      Said Property was neither scheduled by the debtor nor known to the Trustee prior to the Trustee being contacted on March 29, 2021, by the owner of the life estate in the Property.

7.      Notwithstanding the description set forth above or in any original or amended bankruptcy schedules, it is the intention of the Trustee to sell and convey the entire interest owned by the Estate in the Property described in Paragraph 1 above.

8.      The Trustee requests permission, pursuant to 11 U.S.C. §363 and Fed.R.Bankr.P. 6004, to sell said Property at PRIVATE SALE upon the terms and conditions set forth below.

9.      The Trustee is not aware of any liens or  encumbrances upon the Property at this time. However, potential buyers and bidders are encouraged to conduct their own due diligence prior to buying or bidding upon the Property and the Trustee does not make or imply any warranties or guarantees whatsoever including, but not limited to, the title, value, marketability or usefulness of the Property, or the nature and extent of the Debtor's or Estate's interest in the Property, to be sold. The Property will be sold **AS IS**.

10.      Notwithstanding his diligence herein and experience in bankruptcy real estate asset sales and the lack of prior complaints regarding the same, the Trustee cannot and does not warranty the Trustee's sale procedures or forms herein for total compliance with Oklahoma Title Standards (or those of other applicable states) or that the sale will be free of questions by title examiners. Further, buyers are wholly responsible for securing any necessary file-stamped or certified documents from the Bankruptcy Court Clerk to satisfy such Title Standards.

11.      The Trustee proposes to sell all of the Property with all improvements, if any, thereon.

12.      The Trustee has received an offer of $121,144.80 for the Property from the owner of the life estate, MICHAEL RALPH SHERLE. The Trustee proposes to sell the Property for said amount or for any greater amount/offer timely received in excess of

3

$121,144.80. Payment is to be made on or before the Sale Date set forth below and, at the latest, prior to execution of the Trustee's Deed.

13. Transfer of ownership will be by Trustee's Quit Claim Deed.

14. The Trustee has accepted said offer subject to approval of this Notice by order or expiration of time for objections.

15. The Trustee believes that said sale price is fair and reasonable considering: the Estate's interest is an undivided one-half (½) remainder interest in the Property; the full fee estate value of the Property is $1,680,000.00; the holder of the life estate in the Property is 49 years of age; the whole remainder interest calculated using the IRS life estate and remainder interest tables is 0.14422 times the value of the Property; and the Estate's calculated ½ remainder interest is $121,144.80 ($1,680,000.00 x 0.14422 x ½). Therefore, the offered sale price is equal to 100% of the value of the Property after applying the full IRS mortality table's calculated value to the estate's one-half remainder interest in the Property.

16. Further, by said sale the Estate will avoid incurring additional costs of marketing and any realtor or auctioneer commissions.

17. **The proposed <u>Sale Date</u>, is <u>May 4, 2021</u>, for purposes of calculation of time for response to objections**. The sale may be concluded any time on or after said date by the Trustee.

18. **Objections to the proposed action (sale) of the above-described Property must be filed and served not less than seven (7) days before the date set for the proposed action (sale). If no objection is timely filed or served, the proposed action may be taken without further notice or hearing**. W.D.Okla. Local Rule 6004-1.A.; Fed.R.Bankr.P 6004.

4

19. The Trustee further prays that the order, if any, upon this Motion be made effective upon entry so that the Trustee shall not be required to await the expiration of the 14-day stay period of Bankruptcy Rule 6004(h).

WHEREFORE, premises considered, the Trustee provides this his Notice of Proposed Sale of Estate's Interest in Property of the Estate and further prays:

a. That the Trustee may sell all interests of the Estate in the Property pursuant to 11 U.S.C. §363(b) for any amount not less than $121,144.80;

b. That the Trustee be authorized to execute any other documents necessary for completion of said sale whether on behalf of the Estate, the Debtor or any other party appearing in the title record of the Property;

c. That such sale pass both title to the Property and all rights and privileges of the Trustee in and to the Property to the purchaser for said purchaser's use;

d. That the order, if any, upon this Notice be made effective upon entry so that the Trustee shall not be required to await the expiration of the 14-day stay period of Bankruptcy Rule 6004(h); and

e. That the Trustee have and recover such other and further relief to which he may be entitled in equity or by law.

Respectfully submitted,

_s/ John Mashburn_
John Mashburn, OBA#12763
JOHN D. MASHBURN, ATTORNEY AT LAW, P.C.,
1616 E. 19th Street, Suite 301A
Edmond, OK 73013
john@mashburnlaw.net
(405) 726-9795 Telephone
(405) 726-9796 Facsimile
ATTORNEY FOR THE TRUSTEE

5